UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

UNITED STATES OF AMERICA,           )
                                     )
                 Plaintiff,          )          2:19-CR-00151-DCLC-CRW
                                     )
          v.                         )
                                     )
STEPHANIE MICHELLE BAILEY,           )
                                     )
                 Defendant.          )

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 648]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 649] and the Government responded in opposition [Doc. 652].

**I.      BACKGROUND**

On May 21, 2020, Defendant pleaded guilty to one count each of conspiracy to distribute fifty grams or more of methamphetamine and conspiracy to commit money laundering [*See* Docs. 191, 204]. Based on a total offense level of 29 and a criminal history category of III, Defendant's guideline range was 108 to 135 months [Doc. 261, ¶ 57]. However, due to the 10-year mandatory minimum for the drug trafficking offense, the effective guideline range was 120 to 135 months. *See* U.S.S.G. §5G1.2(b). The Court departed and imposed a variance and sentenced Defendant to a term of imprisonment of 84 months [Doc. 320, pg. 2]. Defendant is currently housed at RRM Cincinnati with a projected release date of September 9, 2024. *See* Bureau of Prisons,

1

https://www.bop.gov/inmateloc/ (last visited May 5, 2024). She now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 648].

## II.  ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or fewer criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Hawkins County General Sessions Court and Criminal Court [Doc. 261, ¶ 35]. If sentenced today, Defendant would receive no status points

2

under U.S.S.G. § 4A1.1, resulting in at total of 4 criminal history points rather than 6. But Defendant would still be in criminal history category III and her guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

**III.    CONCLUSION**

For the reasons stated herein, Defendant's motion [Doc. 648] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge